**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PATRICK MICHAEL MYERS,

    Petitioner,

-vs-                                                Case No. 8:10-CV-1601-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (hereinafter "petition" )(Dkt. 1). In his petition, Petitioner challenges the November 5, 2009 judgment of conviction for child abuse and sentence of 40 months incarceration entered by the Sixth Judicial Circuit Court, Pasco County, Florida.

It is apparent from the petition and the Florida Second District Court of Appeal's records, that Petitioner's appeal of the judgment of conviction remains pending on direct review. *See Myers v. State*, No. 08-2013CFAES (Fla. 6th Jud. Cir. 2008), *notice of appeal docketed*, No. 2D09-5514 (Fla. 2d DCA November 18, 2009).[1] Consequently, the state court judgment has not become final. Therefore, his habeas petition, which challenges the

---

[1] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, July 22, 2010. *See* Fed. R. Evid. 201.

judgment of conviction, is not ripe for review at this time. See *Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002)(federal habeas petition was not ripe for review when state judgment was not yet final). Thus, Petitioner's petition will be dismissed without prejudice to Petitioner to refile his habeas petition when the state court judgment becomes final.[2]

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 22, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Petitioner *pro se*

---

[2] To the extent Petitioner challenges the conditions of his confinement, the proper vehicle for a prisoner to challenge his conditions of confinement is a civil rights, rather than a habeas corpus, action. *See McKinnis v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982) (citation omitted).